UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EVANSTON INSURANCE COMPANY,          :
                     Plaintiff,             :
                                    :
            v.                       :    No. 5:20-cv-01934
                                    :
TRISTAR PRODUCTIONS INC.,            :
                     Defendant.              :
_____

**O P I N I O N**

**Unopposed Motion to Intervene filed by Hiscox Dedicated Corporate Member Limited as Representative Member of Syndicate 33 at Lloyd's, ECF No. 13—GRANTED**

**Joseph F. Leeson, Jr.**                                                             August 11, 2020
**United States District Judge**

## I.    INTRODUCTION

This is an action for declaratory judgment concerning the obligations of Plaintiff Evanston Insurance Company ("Evanston") to defend and indemnify Defendant Tristar Productions Inc. ("Tristar") in an underlying class action pursuant to two insurance policies issued by Evanston to Tristar. *See generally* Plaintiff's Complaint ("Compl.") [ECF No. 1]. Non-party Hiscox Dedicated Corporate Member Limited as Representative Member of Syndicate 33 at Lloyd's ("Hiscox"), similarly underwrote two insurance policies to Tristar, and now seeks to intervene in the instant lawsuit to protect its interests. *See generally* Hiscox Memorandum in Support of its Motion ("Hiscox Mem.") [ECF No. 13]. Neither Evanston nor Tristar oppose Hiscox's motion to intervene. *See* ECF Nos. 14, 17. For the reasons set forth below, Hiscox's motion to intervene as of right is granted.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Evanston commenced the instant lawsuit on April 16, 2020, seeking declaratory relief that it is not obligated to defend or indemnify Tristar in an underlying products liability putative class action which was recently commenced in the United States District Court for the Central District of California.  *See generally* Compl.; *see also Partida et al. v. Tristar Products, Inc.*, United States District Court for the Central District of California (Eastern Division), Civil No. 5:20-cv-00436 ("the Underlying Complaint" or "the Underlying Action").  According to Evanston, the Underlying Complaint alleges that Tristar manufactured, marketed, distributed, and warranted copper cookware to the public that it claimed would never scratch, peel or chip. *See* Compl. ¶¶ 18-21.  However, the plaintiffs in the Underlying Action claim that shortly after they purchased Tristar's cookware, it would lose its non-stick attribute and would chip, scratch, and peel.  *See id*. ¶¶ 22-28.  The Underlying Complaint asserts ten causes of action.  *See id*. ¶ 34.

In the instant lawsuit, Evanston seeks declaratory relief on five different grounds that it is not obligated to defend or indemnify Tristar in the Underlying Action under the terms of two insurance policies it issued to Tristar ("the Evanston Policies").[1]  In particular, Evanston alleges that it owes no duty to defend or indemnify Tristar because (1) the Underlying Complaint does not allege an insurance "occurrence" under the Evanston Policies in that it alleges only damage to the defendant-insured's own product caused by faulty design or workmanship, *see* Compl. ¶¶ 55-69; (2) even if there was an insurable occurrence under the Evanston Policies, the occurrence is nonetheless excluded by the "Damage to Your Products" exclusion contained in the policies, *see id*. ¶¶ 70-73; (3) the Underlying Complaint alleges that the injuries were expected or

---

[1]     The Court similarly refers to the policies issued to Tristar by Hiscox as "the Hiscox Policies."

intended, *see id*. ¶¶ 74-81; (4) even if the Underlying Complaint alleges an insurable occurrence, it is a single occurrence that falls outside the policy period of the Evanston Policies, *see id*. ¶¶ 82-95; and (5) Evanston has no duty to defend or indemnify Tristar for punitive damages under the Evanston Policies due to an exclusion contained in the policies, *see id*. ¶¶ 96-99.  Tristar filed its Answer and Counterclaim in response to Evanston's Complaint on June 12, 2020.  See ECF No. 7.

Hiscox filed its motion to intervene on July 31, 2020.  See ECF No. 13.  According to Hiscox, intervention is justified as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, Hiscox should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).  As to its entitlement to intervention as of right, Hiscox contends that (1) its application for intervention is timely, as issue was only joined on June 12, 2020, and the case remains in its infancy; (2) it has a sufficient interest in this declaratory judgment action in that a coverage determination as to the Evanston policies may significantly impact the coverage available to Tristar under the Hiscox policies for the same underlying claims; moreover, the Evanston and Hiscox policies contain similar policy language and both Evanston and Hiscox have reserved their rights to disclaim coverage on several of the same grounds; (3) its interests maybe significantly impaired if it is not permitted to intervene in this action; and (4) its interests are not adequately represented by Evanston.  *See* Hiscox Mem. at 9-12.  As to why Hiscox should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), which allows for "permissive intervention" at the discretion of the court when intervention as of right is not available, Hiscox states that it has several defenses which share a common question of law or fact with Evanston's declaratory judgment Complaint.  *See id*. at 13.

Both Evanston and Tristar have affirmatively indicated that they do not oppose Hiscox's motion to intervene. *See* ECF Nos. 14, 17.

### III.   LEGAL PRINCIPLES:  INTERVENTION

Rule 24 of the Federal Rules of Civil Procedure sets forth the applicable legal considerations governing intervention, with Rule 24(a) governing intervention as "of right," and Rule 24(b) governing "permissive" intervention. Rule 24(a)(2) provides as follows:

> **(a) Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In turn, Rule 24(b)(1)(B) provides as follows:

> **(b) Permissive Intervention.**
>
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
>
> * * *
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Rule 24(b)(3) moreover provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

The Third Circuit has instructed that Rule 24(a) entitles an applicant to intervene if the applicant establishes that all of the following prongs: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected

or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. *Benjamin v. Dep't of Pub. Welfare of Cmwlth.*, 267 F.R.D. 456, 460 (M.D. Pa. 2010) (citing *In re Cmty. Bank of N. Va.,* 418 F.3d 277, 314 (3d Cir. 2005)), *aff'd sub nom. Benjamin v. Dep't of Pub. Welfare of Pennsylvania*, 432 F. App'x 94 (3d Cir. 2011). "Under Rule 24 the burden of proving all four parts of the test falls on the applicant." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 n.9 (3d Cir. 1994).

"A district court's timeliness inquiry for both types of Rule 24 motions requires considering the totality of the circumstances arising from three factors: '(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.'" *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d at 314). Importantly, "[t]o the extent the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994).

IV.   ANALYSIS

In the Court's view, Hiscox has satisfied its four-part burden to show its entitlement to intervention as of right pursuant to Rule 24(a)(2).

First, the Court finds Hiscox's motion to intervene to be timely. As to the three factors courts are to consider in determining timeliness—(1) the stage of the proceedings, (2) any potential prejudice that intervention may cause, and (3) the reason for any delay in moving to intervene—each weighs in favor of finding Hiscox's motion timely. The Court agrees with Hiscox that this action is still in its infancy; the parties only recently engaged in their Rule 16 conference with the Court on August 3, 2020. Next, no apparent prejudice will result to the

parties in allowing Hiscox to intervene.  Indeed, the absence of prejudice is evident from both parties' non-opposition to Hiscox's motion.  Finally, there was not an unreasonable delay in Hiscox's filing its motion.  Evanston filed the Complaint in this action on April 16, 2020, issue was joined on June 12, 2020, and Hiscox's motion was filed on July 31, 2020.  Hiscox states that it only "recently learned of this action on about April 28, 2020."  Hiscox Mem. at 10.  Given that the Court has no reason to doubt this representation, and allowing for some time to consider the nature of its potential interest in this lawsuit after becoming aware of its existence, Hiscox's filing of its motion to intervene on July 31, 2020 did not constitute an unreasonably delay.

Second, it is clear that Hiscox has a "sufficient interest" in the subject matter of Evanston's lawsuit.  Hiscox's obligations to defend and indemnify Tristar in the underlying class action pursuant to the terms of the policies it issued to Tristar may be affected by this Court's determination of Evanston's obligations under the Evanston Policies.  "Indeed," as Hiscox points out, "the Evanston and Hiscox policies contain similar policy language and both Evanston and Hiscox have reserved their rights to disclaim coverage on several of the same grounds. . . . [T]here is significant overlap in the coverage provided by both insurers."  Hiscox Mem. at 11.  This factor therefore weights in favor of Hiscox's intervention as "of right."

Third, for reasons similar to those discussed with respect to the preceding factor—that is, assuming it has a significant interest in the subject matter of the instant suit—it almost certainly follows that Hiscox's interests may be significantly impaired if it does not intervene.  Moreover, the Court agrees with Hiscox that "[t]o the extent that [it] must file its own, separate declamatory judgment action, it is likely, if not certain, that Evanston's declaratory judgment action will be adjudicated first," and  "Hiscox will not have the opportunity defend its position with regard to

any coverage defenses shared with Evanston." Hiscox Mem. at 11.  This factor therefore weights in favor of Hiscox's entitlement to intervention as "of right."

Finally, it is conceivable, if not likely, that Hiscox's interests are not adequately represented by Evanston.  As a general matter, it is unlikely that Evanston has any interest in the substance and interpretation of the Hiscox Policies.  Moreover, while the Evanston and Hiscox Policies may contain similar policy language, Hiscox points out that "the Evanston policies provide coverage for earlier policy periods and do not follow form to the Hiscox policies." Hiscox Mem. at 12.  As a consequence, "there is a possibility that factual issues decided in this declaratory judgment action may affect coverage under the Hiscox Policies" and "some issues may impact the insurers differently." *Id.*  The Court agrees that "Hiscox should have the opportunity to represent its own interests." *Id.*

For the above reasons, the Court finds that Hiscox is entitled to intervene in the instant action as "of right" pursuant to Federal Rule of Civil Procedure 24(a)(2).  Consequently, the question of whether Hiscox may intervene at the discretion of the Court pursuant to Rule 24(b)(1)(B) is moot.

## V. CONCLUSION

For the reasons set forth herein, Hiscox's motion to intervene in the instant action as "of right" pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure is granted.

A separate Order follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge